COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Annunziata and Bumgardner
Argued at Salem, Virginia


RYAN'S FAMILY STEAK HOUSES, INC.
 AND BIRMINGHAM FIRE INSURANCE
 COMPANY OF PENNSYLVANIA
                                        OPINION BY
v.   Record No. 1435-99-3      JUDGE ROSEMARIE ANNUNZIATA
                                        MAY 16, 2000
BRENDA SNOW GOWAN


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Robin A. Bergsohn (Robert C. Baker, Jr.;
            Mell, Brownell & Baker, on brief), for
            appellants.

            George L. Townsend (Chandler, Franklin &
            O'Bryan, on brief), for appellee.


     Ryan's Family Steak Houses, Inc. ("RFS") and its insurance

carrier appeal the Workers' Compensation Commission's decision

affirming the deputy commissioner's finding that appellants had

made a de facto award to appellee, Brenda Gowan, by paying her

disability benefits for a period of sixteen weeks without filing

a memorandum of agreement with the commission.  On appeal, RFS

contends 1) the finding of a de facto award lacks statutory

authorization; 2) the doctrine of de facto awards is

unconstitutionally vague, because it is subject to arbitrary

application by the courts; and 3) even if de facto awards are

valid, the facts of this case do not support the commission's

conclusion that RFS made such an award to Gowan.  We disagree,

and, for the reasons that follow, we affirm the commission's decision.

BACKGROUND

On April 20, 1997, Gowan was employed by RFS as a waitress in RFS's Lynchburg, Virginia restaurant.  On that date, she suffered an injury when she tripped on a buckled rug and fell on her left knee.  Gowan sought treatment for her injury on April 23, 1997 in the emergency room of Lynchburg General Hospital. On May 1, 1997, she was examined by Dr. Terry Miller, who diagnosed her injury as a contusion and sprain of the left knee. Dr. Miller instructed Gowan to stay off work until her appointment with him the following week.  On May 12, 1997, Gowan returned to Dr. Miller's office and was examined by his partner, Dr. Paul Fitzgerald.  Dr. Fitzgerald administered an injection to Gowan's knee and referred her for physical therapy.  On May 30, 1997, Dr. Miller noted that Gowan was not yet fit to return to work.

On June 10, 1997, Dr. Miller observed that physical therapy had not improved Gowan's condition and that she was still not in condition to resume working.  Gowan continued her treatment with Dr. Miller through the summer and fall of 1997 but showed no sign of improvement.  On October 8, 1997, Dr. Miller scheduled her for arthroscopic surgery.  Dr. Miller noted on October 27, 1997, however, that the surgery was cancelled because Gowan's

insurance carrier refused to authorize it.  Gowan continued her treatments with Dr. Miller through the summer of 1998, and on June 5, 1998, Dr. Miller noted that Gowan was capable of returning to work with certain physical restrictions.

RFS's insurer, Birmingham Fire Insurance Company of Pennsylvania ("Birmingham"), voluntarily paid Gowan temporary total disability benefits from April 20, 1997 through August 23, 1997.  On November 6, 1997, Gowan filed a claim for disability benefits, alleging compensable injury resulting from the April 20, 1997 accident.  RFS and Birmingham stipulated that Gowan had suffered a compensable injury as a result of the accident and that she was totally disabled through June 10, 1997.  The appellants further stipulated that no memorandum of agreement was submitted to Gowan and that her average weekly wage was $128.67.  In his opinion of September 25, 1998, the deputy commissioner found that Birmingham's voluntary payment of benefits to Gowan for the sixteen-week period from April 20 through August 23, 1997 constituted a de facto award; as a consequence, the deputy commissioner found that RFS and Birmingham bore the burden of proving that Gowan's disability in the period following June 10, 1997 was not causally related to the accident.  Upon appeal, the full commission affirmed the deputy commissioner's findings.  Appellants then noted their appeal to this Court.

I.

Appellants contend the Workers' Compensation Act's award procedures, Code §§ 65.2-700 et seq., provide no basis for making de facto awards of compensation. We disagree.

De facto awards of compensation have been long recognized by this Court, beginning with National Linen Service v. McGuinn, 5 Va. App. 265, 326 S.E.2d 187 (1987) (en banc). De facto awards are premised on Code § 65.2-701(A).[1] The statute reads, in pertinent part:

> If after injury . . . the employer and the
> injured employee . . . reach an agreement in
> regard to compensation or in compromise of a
> claim for compensation under this title, a
> memorandum of agreement in the form
> prescribed by the Commission shall be filed
> with the Commission for approval.

In McGuinn, we held that where the employer has stipulated to the compensability of the claim, has made payments to the employee for some significant period of time without filing a memorandum of agreement, and fails to contest the compensability of the injury, it is "reasonable to infer that the parties ha[ve] reached an agreement as to the payment of compensation," and a de facto award will be recognized. McGuinn, 5 Va. App. at 269-70, 362 S.E.2d at 189.

---

[1] This Court in McGuinn established the prerequisites for finding a de facto award based on our interpretation of former Code § 65.1-93, the forerunner to Code § 65.2-701(A).

- 4 -

The General Assembly recodified the Workers' Compensation Act in 1991, and revised Code § 65.2-701 in 1997.  In neither the recodification of former Code § 65.1-93, nor the revision of the present version of Code § 65.2-701 did the General Assembly "reject[ ] or modif[y] [our] judicial interpretation of the statute in issue.  'Under these circumstances, the construction given to the statute is presumed to be sanctioned by the legislature and therefore becomes obligatory upon the courts.'" Cochran v. Commonwealth, 258 Va. 604, 607, 521 S.E.2d 287, 289 (1999) (quoting Vansant and Gusler, Inc. v. Washington, 245 Va. 356, 361, 429 S.E.2d 31, 33-34 (1993)).  We, accordingly, find that Code § 65.2-701(A) authorizes de facto awards and that the commission did not err in recognizing their validity.

II.

Appellants further contend the principles governing de facto awards of compensation are vague and, as a result, have been applied inconsistently by the courts.  This argument is without merit.

Assuming arguendo that Code § 65.2-701(A) is vague, our interpretation of it in McGuinn sufficiently narrows and clarifies it with respect to de facto awards to pass constitutional challenge.  See Wainwright v. Stone, 414 U.S. 21, 22-23 (1973) ("For the purpose of determining whether a state statute is too vague and indefinite to constitute valid

- 5 -

legislation 'we must take the statute as though it read precisely as the highest court of the State has interpreted it.'" (quoting Minnesota, ex rel. Pearson v. Probate Ct. of Ramsey County, 309 U.S. 270, 273 (1940))); Commonwealth v. Rivera, 18 Va. App. 103, 109, 442 S.E.2d 410, 413 (1994) ("[A]s a state court, we may construe our statutes to have a limited application if such a construction will tailor the statute to a constitutional fit."); see also Perkins v. Commonwealth, 12 Va. App. 7, 14, 402 S.E.2d 229, 233 (1991).  Any vagueness in the statutory language is thus remedied.

With respect to their claim of inconsistent application of the doctrine of de facto awards, appellants have identified no case law which supports their contention that either the statute or McGuinn's explication of it have been applied inconsistently, and we have found none.  "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration."  Novak v. Commonwealth, 20 Va. App. 373, 389, 457 S.E.2d 402, 410 (1995) (citation omitted).  We, accordingly, reject their contention.

### III.

Finally, appellants contend the commission's award to Gowan was based upon insufficient evidence and should, therefore, be reversed.  When a conclusion of the commission is supported by credible evidence in the record, we will not disturb the

commission's findings on appeal.  See Marcus v. Arlington County Bd. of Supervisors, 15 Va. App. 544, 550, 425 S.E.2d 525, 529 (1993).  We find credible evidence in the record to support the commission's decision; accordingly, we affirm.

The commission noted that, because it found that appellants' payments to Gowan constituted a de facto award according to the principles set forth in McGuinn, the burden shifted to appellants to prove a basis upon which the award could be terminated.  See McGuinn, 5 Va. App. at 270, 362 S.E.2d at 189-90.  The commission concluded that RFS failed to show that Gowan's on-going disability was unrelated to her accident, noting that RFS initially stipulated to the compensability of Gowan's injury and that Gowan's physician, Dr. Miller, opined as late as March 24, 1998, that Gowan's continued disability was directly related to her accident of April 20, 1997.  The independent physician whose opinion was sought by appellants, Dr. John C. MacIlwaine, likewise concluded that Gowan's left knee pain was causally related to the accident.

Furthermore, appellants offered no evidence that Gowan was at any time released to return to her pre-injury duties.  Dr. Miller never authorized such a release.  On the contrary, he noted on March 24, 1998 that Gowan had not yet been released, and on June 5, 1998 that he was allowing her to return to work with "modified duty restrictions."  Dr. MacIlwaine concurred

with continued restrictions on kneeling, squatting, standing, and walking.  Neither physician opined that Gowan was able to return to her previous duties as a waitress.  Based on our review of the record, we find that appellants did not present sufficient evidence to prove a change in condition.[2] Accordingly, for the reasons stated in this opinion, we affirm the commission's decision.

Affirmed.

---

[2] Appellants claim that RFS's voluntary payment of benefits to Gowan over a four-month period was "far too short a time to justify a de facto award."  Although none of our published opinions concerning de facto awards have established a minimum period of time necessary to constitute a de facto award, we find that voluntary payment of benefits for a substantial amount of time is sufficient to uphold a de facto award, and, upon these facts, we deem four months to be substantial.

Bumgardner, J., concurring.

I concur with the decision of the majority to affirm the commission's decision, but I do not join in the rationale of the opinion. This Court established the doctrine of de facto awards in National Linen Service v. McGuinn, 5 Va. App. 265, 362 S.E.2d 187 (1987). The decision has not been altered or repealed by the General Assembly. The doctrine is a creature of case law not statutory law. It serves no purpose to apply to case law precedent construing statutes and testing whether they are too vague and indefinite.