COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


ACE CARPENTRY, INC. AND
 PENNSYLVANIA MANUFACTURERS
 ASSOCIATION INSURANCE COMPANY
                                    MEMORANDUM OPINION*
v.    Record No. 1169-02-2              PER CURIAM
                                      OCTOBER 1, 2002
BENJAMIN M. MULLINS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Arthur T. Aylward; Thomas C. Bunting;
          Midkiff, Muncie & Ross, P.C., on briefs), for
          appellants.

          (Wesley G. Marshall, on brief), for appellee.


     Ace Carpentry, Inc. and its insurer (hereinafter referred

to as "employer") contend the Workers' Compensation Commission

erred in finding that (1) Benjamin M. Mullins (claimant) proved

he was entitled to a de facto award; (2) employer failed to

prove it made a bona fide offer of selective employment to

claimant; (3) claimant did not unjustifiably refuse selective

employment; and (4) claimant had no duty to market his residual

work capacity because he was under a de facto award.  Upon

reviewing the record and the parties' briefs, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the commission's decision.  Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I. Existence of a De Facto Award

In Ryan's Family Steak Houses, Inc. v. Gowan, 32 Va. App. 459, 528 S.E.2d 720 (2000), we reiterated our holding in National Linen Serv. v. McGuinn, 5 Va. App. 265, 269-70, 362 S.E.2d 187, 189 (1987) (en banc) as follows:

> [W]here the employer has stipulated to the compensability of the claim, has made payments to the employee for some significant period of time without filing a memorandum of agreement, and fails to contest the compensability of the injury, it is "reasonable to infer that the parties ha[ve] reached an agreement as to the payment of compensation," and a de facto award will be recognized.

Gowan, 32 Va. App. at 463, 528 S.E.2d at 722.

In ruling that claimant proved the existence of a de facto award, the commission found as follows:

> The employer voluntarily paid benefits from November 4, 1999 to November 7, 2000, a period of over one year. Moreover, the employer did not contest the initial compensability of the accident. . . .
>
> *       *       *       *       *       *       *
>
> The Commission has found a de facto award where the employer paid benefits for an extended period of time and did not contest the compensability of the claim. The employer's argument that disability was unrelated to the accident, does not challenge the compensability of the initial accident but is an affirmative defense to limit benefits awarded. Thus, the claimant was entitled to a de facto award and the employer had the burden to prove disability was not related to the accident for which the de facto award was entered.

- 2 -

The commission's findings, which are amply supported by credible evidence in the record, support its conclusion that claimant was entitled to a de facto award.  It was undisputed that employer voluntarily paid benefits to claimant for over a year.  At the hearing, employer stipulated to the compensability of claimant's accident, and only disputed the causal relationship of claimant's disability on the ground that he failed to disclose a previous back injury.  Employer's affirmative defense to claimant's disability did not negate claimant's de facto award under the circumstances of this case.  Accordingly, the commission did not err in finding that claimant was entitled to a de facto award.

## II.   Bona Fide Offer of Selective Employment

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Employer argues that it proved it made a bona fide offer of selective employment within claimant's restrictions to claimant because he performed that light-duty job for a period of five weeks.  Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

An employer seeking to terminate compensation benefits pursuant to [Code § 65.2-510] must establish "(1) a _bona_ _fide_ job offer suitable to the employee's capacity; (2) procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job." To constitute a _bona_ _fide_ offer, the selective employment contemplated by Code § 65.2-510 must be upon terms and conditions sufficiently specific to permit informed consideration by an employee, and comprised of duties consistent with employee's remaining work capacity.

_Hillcrest Manor Nursing Home v. Underwood_, 35 Va. App. 31, 37, 542 S.E.2d 785, 788 (2001).

In ruling that employer failed to prove that it made a _bona_ _fide_ offer of selective employment within claimant's restrictions, the commission found as follows:

The claimant testified that he was consistently required to perform work that violated his 20-pound lifting restriction. His supervisors testified the light duty work met the restrictions. The Deputy Commissioner accepted the claimant's testimony over the testimony of the claimant's supervisors. We see no reason to disregard that credibility determination. Moreover, Dr. [Joseph] Stratkus noted in his records that the claimant reported that his work violated his 20-pound lifting restriction. Dr. Stratkus also opined that he would consider the claimant totally disabled and only released him to light duty based on financial considerations and with high doses of pain medication. Thus, we agree with the Deputy Commissioner that the employer did not show a bona fide offer of employment within the claimant's restrictions.

- 4 -

As fact finder, the commission was entitled to accept claimant's testimony and to reject the contrary testimony of his supervisors regarding whether the light-duty job offered by employer exceeded his restrictions.  It is well settled that credibility determinations are within the fact finder's exclusive purview.  Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).  In light of claimant's testimony, coupled with Dr. Stratkus' medical records and opinions, we cannot find as a matter of law that employer's evidence sustained its burden of proving it made a bona fide offer of selective employment to claimant.

### III.  Refusal of Selective Employment

Because we affirm the commission's ruling that employer failed to prove it made a bona fide offer of selective employment to claimant, we need not address employer's Question Presented III as to whether claimant unjustifiably refused selective employment.

### IV.  Marketing

Because we affirm the commission's ruling that claimant was entitled to a de facto award, we also affirm the commission's ruling that claimant had no duty to market his residual work capacity.  See McGuinn, 5 Va. App. at 271, 362 S.E.2d at 190.

For these reasons, we affirm the commission's decision.

Affirmed.