COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Frank and Clements


GENE LEIGHTON SMELCER
                                        MEMORANDUM OPINION*
v.    Record No. 1344-03-3                 PER CURIAM
                                        SEPTEMBER 23, 2003
DICKENSON COUNTY SCHOOL BOARD AND
 TENNESSEE INSURANCE GUARANTY ASSOCIATION
 ON BEHALF OF RELIANCE INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (P. Heith Reynolds; Wolfe, Williams &
            Rutherford, on brief), for appellant.

            (J. Jason Eige; Penn, Stuart & Eskridge, on
            brief), for appellees.


        Gene Leighton Smelcer (claimant) contends the Workers'

Compensation Commission erred in finding he failed to prove that

he was entitled to (1) a de facto award of benefits for the

period from May 4, 2000 through August 13, 2000; and

(2) disability benefits after June 4, 2000.  Upon reviewing the

record and the parties' briefs, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

### De Facto Award

> [W]here the employer has stipulated to the compensability of the claim, has made payments to the employee for some significant period of time without filing a memorandum of agreement, and fails to contest the compensability of the injury, it is "reasonable to infer that the parties ha[ve] reached an agreement as to the payment of compensation," and a de facto award will be recognized.

Ryan's Family Steak Houses v. Gowan, 32 Va. App. 459, 463, 528 S.E.2d 720, 722 (2000).

In denying claimant a de facto award, the commission found as follows:

> We do not find that the payment of wage benefits for approximately 14 1/2 weeks is sufficient to warrant the entry of a de facto award in this case. There is no evidence to suggest that the employer ever advised the claimant that it had accepted his claim. Moreover, the employer contested the compensability of his injury at the Hearing.

Here, employer did not stipulate to the compensability of the claim; did not make payments to claimant for a significant period of time; and contested the compensability of claimant's claim at the hearing. Based upon this record, the commission, as fact finder, could reasonably infer that the parties had not

- 2 -

reached an agreement as to compensation.  Accordingly, we cannot find as a matter of law that claimant proved he was entitled to a de facto award.

<u>Disability Benefits after June 4, 2000</u>

In denying claimant's claim for disability benefits after June 4, 2000, the commission found as follows:

> It is the claimant's burden to prove that his disability prevents him from performing his pre-injury employment.  The medical record clearly reflects that on June 7, 2000, Dr. [Thomas L.] Huddleston released the claimant to sedentary work.  These restrictions stayed in place until July 31, 2000, at which time he was restricted only from squatting.  However, there is no opinion from any physician that the claimant was unable to perform the requirements of his pre-injury teaching job.  Therefore, he is not entitled to temporary total disability benefits from June 5 through August 13, 2000.
>
> The claimant also seeks temporary partial disability benefits from January 1 through August 1, 2001; temporary total disability benefits from September 1 through December 1, 2001; temporary partial disability benefits from December 2 through December 30, 2001; and temporary total disability benefits from January 1, 2002, and continuing, based on his restrictions of no working more than four days a week; no squatting, kneeling, or climbing; and no standing or walking over two hours a day.  However, there is no evidence to show how many days he worked in his pre-injury employment.  Without evidence of the scope of the claimant's pre-injury job duties, we are precluded from finding disability for any period after June 4, 2000.

- 3 -

In light of the absence of any medical evidence indicating that claimant's restrictions prevented him from returning to perform all aspects of his pre-injury work as a music teacher, coupled with evidence that he worked for a period of time as a music teacher for another school system while under those restrictions, we cannot find as a matter of law that claimant's evidence sustained his burden of proving he was entitled to an award of disability benefits after June 4, 2000 and continuing.[1]

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

---

[1] We did not consider claimant's deposition testimony because it was not properly entered into the record before the commission. The commission declined to consider the deposition in rendering its decision because neither party requested that it be made a part of the record.