COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Kelsey and McClanahan
Argued in Salem, Virginia


LYSABLE TRANSPORT, INC. AND
  AIG CASUALTY (AMERICAN
  HOME ASSURANCE COMPANY)

                                                          OPINION BY
v.        Record No. 0868-10-3              JUDGE D. ARTHUR KELSEY
                                                          DECEMBER 28, 2010
SCOTT L. PATTON


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               S. Vernon Priddy, III (Michael L. Goff, Jr.; Stephen A.
               Marshall; Two Rivers Law Group, P.C., on briefs), for
               appellants.

               D. Edward Wise, Jr. (Arrington, Schelin & Herrell, P.C., on
               brief), for appellee.


        The Workers' Compensation Commission awarded benefits to Scott Patton under the *de

facto* award doctrine, effectively precluding the employer from exercising its statutory right to

contest compensability of Patton's claim. In the alternative, the commission held Patton proved

compensability by a preponderance of the evidence. For the following reasons, we reverse and

remand.

                                            I.

        In March 2007, Scott Patton was injured when he drove his truck off the road while

working for Lysable Transport, Inc. Despite inconclusive information regarding the cause of the

accident, the employer (through its insurer) made voluntary payments to Patton. In August 2008,

the commission notified Patton by letter that he had not filed a "written claim" nor had any

"Agreement to Pay Benefits" been submitted to the commission. The letter specifically warned

Patton: "The fact that you may have been paid benefits without an award does not protect your legal rights."

Within the two-year limitation period, Patton's counsel filed a claim with the commission "seeking temporary total disability benefits from [the date of the accident] through the present and continuing along with lifetime medical costs." In March 2009, the commission entered an order directing the employer[1] to accept or deny the claim within twenty days. The employer responded to the order by denying the claim as not compensable.

At the evidentiary hearing, Patton claimed the employer forfeited its statutory right to defend against the claim because the employer voluntarily paid benefits from March 2007 to January 2009. Patton produced documents from the insurance adjuster's files (obtained through discovery) stating the adjuster believed the accident was compensable[2] and that Patton "remain[ed] on an open TTD Award" issued by the commission. The adjuster discovered her mistake in early 2009 and noted in her files, "CLMT IS NOT UNDER AN OPEN AWARD." Even though no *actual* award had ever been entered, Patton argued the employer's voluntary payments created a legally incontestable *de facto* award.

In response, the employer pointed out it entered into no agreements with Patton, exchanged no correspondence admitting liability, shared none of its insurance adjuster's personal notes with Patton, and did not ever make Patton privy to any internal discussions regarding the compensability of his claim. Absent an agreement or stipulation waiving its statutory right to

---

[1] Unless the context suggests otherwise, we use the term "employer" to include both Lysable Transport, Inc., and its insurer, AIG Casualty (American Home Assurance Company).

[2] The adjuster's statement that the claim was "accepted" appears on an internal electronic form entitled "Claim Summary Report." Every time the form is updated in part the entire form reappears in full in the chronological electronic "Activity Notes" — thus, the repetitive restatement of "accepted" in the print-out of the adjuster's notes. Cf. Patton v. Lysable Transp., Inc., VWC No. 237-20-04, 2010 Va. Wrk. Comp. LEXIS 126, at *9-10 (Mar. 26, 2010) (listing multiple occasions in written record where the "accepted" statement is repeated).

contest compensability, the employer reasoned, the right could not be assumed away under the *de facto* award doctrine.

On the merits, the employer argued Patton had to show by a preponderance of the evidence how and why the accident occurred and, equally important, in what way the proven cause arose out of the conditions of his employment. Given the inconclusive nature of the evidence, the employer argued, Patton could not shoulder his burden of proof.

Agreeing with the employer, the deputy commissioner held the *de facto* award doctrine did not apply merely where, as here, the employer made voluntary payments. The employer thus retained its right to contest compensability, and Patton retained his duty to prove it. Turning to the merits, the deputy commissioner found the evidence did not "identify any particular risk, hazard, defect or exertion associated with the employment that caused claimant's truck to leave the highway and to overturn." Because "claimant's accident is unexplained, and as there is no presumption that can be resorted to," the deputy commissioner held, "a preponderance of the evidence fails to establish that claimant's accident and injury arose out of the employment."

Patton asked the full commission to review the deputy commissioner's ruling. By a split vote, the commission majority reversed. The majority opinion applied the *de facto* award doctrine — effectively rendering indisputable the compensability of the claim. Patton v. Lysable Transp., Inc., VWC No. 237-20-04, 2010 Va. Wrk. Comp. LEXIS 126, at *12. A few lines in the middle of the opinion, however, addressed compensability on the merits:

> The claimant further argues that the accident arose out of his employment because he proved how the accident occurred and the claimant's duties required his presence upon the public streets and his injury arose from an actual risk of that presence upon the streets. We agree, but we find that a *de facto* award existed; therefore we will not address this error at length. We find that the evidence showed that the claimant fell asleep or was distracted by his load, ran off the road, overcorrected and lost control of his vehicle. The accident, therefore, arose out of his employment.

Id. at *10-11. The dissenting commissioner rejected the majority's reasoning on both issues:

> I do not believe that a claimant meets his burden of proof when a recitation of the facts of the accident contains the word "or," *i.e.*, when either this happened "or" that happened. The fact that either of two scenarios would be compensable is irrelevant. The claimant must prove the scenario which caused his injury.
>
> I also disagree with the majority's finding that a *de facto* award should be recognized in this case. As no award had been entered, the employer was free to contest compensability at the hearing below. Our previous decisions have clearly held that a *de facto* award is not appropriate when a critical aspect of the claim is contested at the evidentiary hearing. It is difficult to imagine a more critical aspect of a claim than compensability.

Id. at *15-16 (Comm'r Williams, dissenting).

## II.

On appeal, the employer argues the commission's "*de facto* award in this case appears to fly in the face of the long standing law in Virginia which holds . . . *de facto* awards do not exist when the defendants contest compensability of the claim." Appellant's Br. at 11. Because the doctrine does not apply, the employer asserts, Patton could not recover benefits without first proving how and why the accident occurred. We agree with both assertions.

### A.   THE *DE FACTO* AWARD DOCTRINE

The Workers' Compensation Act makes clear how settlement agreements become legally enforceable: "If after injury or death, the employer and the injured employee or his dependents reach an agreement in regard to compensation or in compromise of a claim for compensation under this title, a memorandum of the agreement in the form prescribed by the Commission shall be filed with the Commission for approval." Code § 65.2-701(A).

By statute, therefore, any settlement agreement reached by the parties must be filed with the commission in an acceptable form, which the commission may then accept or reject. Id. If it

- 4 -

accepts the settlement, the commission then issues an award making the agreement "binding" and "enforceable" on all parties. Id. Once this happens, the employer forfeits its statutory right to contest the initial compensability of any claim covered by the settlement agreement.

A *de facto* award is a legal fiction crafted by the courts, "a creature of case law not statutory law." Ryan's Family Steak Houses v. Gowan, 32 Va. App. 459, 465, 528 S.E.2d 720, 723 (2000) (Bumgardner, J., concurring). An "award" under the statute is an *actual* award: a "grant or denial of benefits or other relief under this title or any rule adopted pursuant thereto." Code § 65.2-101. Though the statute nowhere mentions *de facto* awards, we embraced the idea in National Linen Service v. McGuinn, 5 Va. App. 265, 271, 362 S.E.2d 187, 190 (1987) (*en banc*), a case where the employer made voluntary payments and "stipulated compensability" of the claim. The settlement confirmation statute at that time, former Code § 65.1-93, did not include a penalty for failing to fulfill the duty to file written settlement agreements with the commission, a duty uniquely placed on employers by former Code § 65.1-45.

Our holding in McGuinn was "premised on the fact that the statute did not explicitly provide penalties for an employer's failure to comply with its provisions." Watts v. P & J Hauling, Inc., 41 Va. App. 278, 285, 584 S.E.2d 457, 461 (2003) (citing McGuinn, 5 Va. App. at 270, 362 S.E.2d at 189). Shortly after McGuinn, however, "a penalty was added to the statute by the General Assembly," and "the legislature again amended the language of the statute to allow an employee, an employer, or a compensation carrier to prepare the memorandum of their agreement." Watts, 41 Va. App. at 285, 584 S.E.2d at 461.[3]

Because these statutory amendments undercut the very reason for the *de facto* doctrine, we have been careful not to extend the judge-made concept beyond its original parameters. The

---

[3] The penalty was added by 1989 Va. Acts ch. 438, and the language expanding who could prepare the agreement by 1991 Va. Acts ch. 97. Former Code § 65.1-45 and former Code § 65.1-93 were then recodified under Code § 65.2-701 in 1991. See 1991 Va. Acts ch. 355.

*de facto* award doctrine applies only when "the employer has *stipulated to the compensability of the claim*, has made payments to the employee for some significant period of time without filing a memorandum of agreement, and *fails to contest the compensability of the injury . . . .*" Gowan, 32 Va. App. at 463, 528 S.E.2d at 722 (emphasis added). Only then is it "reasonable to infer that the parties have reached an agreement," id. (quoting McGuinn, 5 Va. App. at 269-70, 362 S.E.2d at 189), regarding compensability of the claim.

Making voluntary payments, by itself, falls far short of satisfying the preconditions of the *de facto* award doctrine. "An employer and carrier are not estopped from denying future payments merely because they have paid them in the past." Rucker v. Thrift Transfer, Inc., 1 Va. App. 417, 420, 339 S.E.2d 561, 562 (1986) (citing Salem v. Colegrove, 228 Va. 290, 295, 321 S.E.2d 654, 656-57 (1984)). An employer's "voluntary payment of compensation or disability benefits does not waive its right to assert defenses," Watts, 41 Va. App. at 286, 584 S.E.2d at 461 (making exceptions for "fraud or concealment"), because employers should be free "to make voluntary payments without running the risk of being held thereby to have made an irrevocable admission of liability," 7 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 127.04[3], at 127-19 (2010). It would be wholly unreasonable for a claimant to think otherwise. As the commission warned Patton in this very case: "The fact that you may have been paid benefits without an award does not protect your legal rights."

The *de facto* award doctrine permits the commission to impute an award based upon an actual agreement or stipulation. It does not authorize the commission to impute an award based upon an imputed agreement or stipulation. Doing so would be little more than piling one legal fiction upon another. For this reason, an actual agreement or stipulation has been an essential element in every case in which we have applied the doctrine. For example, "[i]n McGuinn, the parties had no dispute as to any issue of compensation." White v. Redman Corp., 41 Va. App.

287, 291, 584 S.E.2d 462, 464 (2003).  The employer "stipulated compensability" of the claim. McGuinn, 5 Va. App. at 271, 362 S.E.2d at 190.

Similarly, in Henrico v. Taylor, 34 Va. App. 233, 540 S.E.2d 501 (2001), the employer entered into an agreement expressly stipulating the compensability of the claim.  Based on the settlement, the commission entered an award order for temporary benefits.  When the employer paid additional benefits beyond the award order's requirements, we held the *de facto* award doctrine could be applied in a change of condition context under Code § 65.2-708.[4]  See also Gowan, 32 Va. App. at 462, 528 S.E.2d at 721 (recognizing a *de facto* award where the employer "stipulated" the employee "suffered a compensable injury" arising out of a workplace accident).

To be sure, as Commissioner Williams noted,[5] many of the commission's prior opinions have applied these limitations on the *de facto* award doctrine.  In a case much like ours, the commission explained:

> To enter a *de facto* award where not only was compensability contested but also the evidence established and the deputy commissioner found that there was no compensable accident, occupational disease or ordinary disease of life, would be contrary to the Act.  It would award benefits to an injured worker who did not meet the requirements of the Act.  In addition the finding of a *de facto* award under the facts of the current case would discourage carriers from making any voluntary payments to injured workers because of the possibility that they may be subject to an award

---

[4] In Taylor, the employer "did not contest the compensability of the period for which it paid those benefits" during the voluntary period beyond the settlement award.  VWC No. 164-13-42 (Apr. 24, 2000) (Comm'r Tarr, concurring).  We nonetheless limited our holding to the arguments raised by the parties and did not "address whether the circumstances . . . supported the finding of a *de facto* award" or "whether the limitations period set out in Code § 65.2-708(A) runs from the date of the last payment made pursuant to a *de facto*" as opposed to the earlier *de jure* award.  Taylor, 34 Va. App. at 242 n.5, 245, 540 S.E.2d at 506 n.5, 508.

[5] Patton, 2010 Va. Wrk. Comp. LEXIS 126 at *15-16 ("Our previous decisions have clearly held that a *de facto* award is not appropriate when a critical aspect of the claim is contested at the evidentiary hearing.  It is difficult to imagine a more critical aspect of a claim than compensability.").

> even if the evidence later established that there was no liability under the Act.

Caldwell v. Allstate Ins. Co., VWC No. 229-26-74, 2007 Va. Wrk. Comp. LEXIS 368, at *11 (May 14, 2007) (quoting Try v. Doerflein, VWC Nos. 211-57-12, 207-48-03 (Feb. 23, 2004)).[6]

Here, by contrast, the commission awarded benefits to Patton under the *de facto* award doctrine despite the absence of an agreement or stipulation of compensability by the employer. The commission erred as a matter of law by doing so. No evidence showed Patton and the employer entered into any oral or written agreement addressing compensability. Nor did the employer stipulate to compensability before the commission. Just the opposite occurred: The employer expressly contested compensability and, in fact, *prevailed* on the issue before the deputy commissioner. The *de facto* award doctrine, therefore, cannot justify the commission's award of benefits to Patton.

## B. ARISING OUT OF THE CONDITIONS OF EMPLOYMENT

Despite its application of the *de facto* award doctrine, a few sentences in the middle of the commission's opinion appear to resolve the compensability issue on the merits: "We find that the evidence showed that the claimant fell asleep *or* was distracted by his load, ran off the road, overcorrected and lost control of his vehicle. The accident, therefore, arose out of his

---

[6] As the commission has held on other occasions: "Where the employer in formal proceedings denies the compensability of the injury, McGuinn does not apply," despite over two years of voluntary payments. Robinson v. Olan Mills, Inc., VWC No. 188-57-55, 1999 Va. Wrk. Comp. LEXIS 363, at *3 (Mar. 11, 1999); see also Watts v. Watts Elec., VWC No. 227-27-76, 2007 Va. Wrk. Comp. LEXIS 269, at *6 (Mar. 19, 2007) ("A *de facto* award is inappropriate where the parties never reached an agreement as to the amount of compensation." (citation omitted)); Beach v. Birmingham Green AdultCare Residence, VWC No. 215-69-35, 2006 Va. Wrk. Comp. LEXIS 814, at *5 (Sept. 26, 2006) (holding "there is no agreement about several key issues in the claim," and thus, "no *de facto* award existed"); Reboul v. Cortez, Inc., VWC No. 218-30-35, 2006 Va. Wrk. Comp. LEXIS 102, at *7-8 (Feb. 10, 2006) ("The mere payment of benefits does not establish a *de facto* award." (quoting Adkins v. Nabisco Biscuit, No. 1803-96-2 (Va. Ct. App., July 29, 1997))).

employment." Patton, 2010 Va. Wrk. Comp. LEXIS 126, at *10-11 (emphasis added). But because "a *de facto* award existed," the commission majority added, "we will not address this error [the deputy commissioner's contrary view] at length." Id. at *10.

The employer argues, and we agree, the commission's either/or finding is self-defeating. Reviewing a highly inconclusive factual record, the commission narrowed the number of possible causes of the accident to two: *either* (i) Patton fell asleep and ran off the road, *or* (ii) Patton did not fall asleep, but rather, was distracted by the load and attempted in vain to keep his truck under control. Both could not be true. Patton could not have run off the road by being simultaneously asleep and awake, unconscious of danger and conscious of it. Nor could the commission logically find that each one of the two was more probable than not — thus satisfying the preponderance of the evidence standard — because doing so would increase the probabilities sum beyond 100% certitude. In his dissent, Commissioner Williams summarized the point well:

> I do not believe that a claimant meets his burden of proof when a recitation of the facts of the accident contains the word "or," *i.e.*, when either this happened "or" that happened. The fact that either of the two scenarios would be compensable is irrelevant. The claimant must prove the scenario which caused his injury.

Patton, 2010 Va. Wrk. Comp. LEXIS 126, at *15-16.

Thus, the commission's disjunctive finding does not establish how and why the accident happened. See generally Clifton v. Clifton Cable Contracting, 54 Va. App. 532, 540, 680 S.E.2d 348, 352 (2009); accord Gossett v. Jackson, 249 Va. 549, 552-53, 457 S.E.2d 97, 99 (1995) ("The plaintiff must show why and how the accident happened." (citation omitted)). Absent a legal presumption, a claimant cannot recover if the cause of the accident "remains speculative." Pinkerton's, Inc. v. Helmes, 242 Va. 378, 380, 410 S.E.2d 646, 647 (1991). And if the evidence does not prove by a preponderance "how the accident happened," id. at 381, 410 S.E.2d at 648, it is by definition unexplained and thus speculative. See Hill v. S. Tank Transp., Inc., 44 Va. App.

725, 732-33, 607 S.E.2d 730, 733-34 (2005) (holding the "facts must exist to explain how the accident occurred").

Accepting two *mutually exclusive* explanations in either/or equipoise involves an intrinsically inconclusive, and legally unprecedented, approach to the burden of proof. Neither the Virginia Workers' Compensation Act nor any of the many judicial opinions interpreting it have endorsed the amalgamation of factually inconsistent causes into a composite whole for purposes of satisfying the claimant's burden of proof. Whether such an innovation should be adopted, we decline to say, for it is "more properly a matter of policy, a prerogative of the legislative branch of government," Helmes, 242 Va. at 381, 410 S.E.2d at 648 (declining, for the same reason, to adopt a presumption of causation in non-death claims).

In short, the commission used a legally erroneous approach to the burden of proof in this case. We do not address whether the evidence, judged by the correct approach, proves Patton's entitlement to benefits. Because we do not "weigh the evidence on appeal" or take any "personal view of the underlying factual debate," Clifton, 54 Va. App. at 541 n.2, 680 S.E.2d at 353 n.2 (citation omitted), we remand the case to the commission to review the factual record anew.

III.

Because the *de facto* award doctrine does not apply as a matter of law, we reverse the commission's award of benefits on this ground. As for the commission's use of a disjunctive standard for assessing the evidence, we reverse and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.