COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Petty and Senior Judge Haley
Argued at Alexandria, Virginia


MARLIN ROSKE

v.        Record No. 0060-13-4

OPINION BY
JUDGE WILLIAM G. PETTY
NOVEMBER 12, 2013

CULBERTSON COMPANY AND
 VIRGINIA SURETY COMPANY, INC.


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

James E. Swiger (The Law Office of James E. Swiger, on briefs), for
appellant.

Dennis Boyd Cook (Franklin & Prokopik, on brief) for appellees.


Marlin Roske appeals from an order of the Workers' Compensation Commission affirming the deputy commissioner's denial of Roske's change-in-condition claim. The full commission concluded that Culbertson Company, the employer, Virginia Surety Company, Inc., its insurer, and Firstcomp Underwriting Group, the claim administrator, (collectively referred to as "employer") did not waive the time limitation prescribed in Code § 65.2-708 and that there was no *de facto* award granted to Roske. On appeal, Roske assigns two errors to the commission's decision. First, Roske argues that the commission erred in concluding that employer's voluntary payment of compensation from January 5, 2011 to May 17, 2011 did not constitute either (1) a waiver of the time limitation in Code § 65.2-708 or (2) a *de facto* award of compensation, thus tolling the time limitation in Code § 65.2-708. Second, Roske argues that the commission erred by failing to enter an appropriate temporary total incapacity award effective June 30, 2011 and continuing. For the reasons stated below, we affirm the commission's ruling.

I. BACKGROUND

"On appeal from a decision of the Workers' Compensation Commission, the evidence and all reasonable inferences that may be drawn from that evidence are viewed in the light most favorable to the party prevailing below." Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83, 608 S.E.2d 512, 517 (2005) (en banc).

On May 20, 2005, while employed by Culbertson Company, Roske injured his right shoulder while he was working with sheet metal. On January 12, 2006, Roske had surgery on his shoulder and did not return to work until May 24, 2006. On February 27, 2006 and November 30, 2009, Roske filed claims for benefits with the commission. In October 2010, Roske was awarded temporary total disability payments from January 12, 2006 to May 24, 2006. Roske performed light-duty work, with a lifting restriction of thirty pounds, from May 24, 2006 to January 4, 2011.

On January 5, 2011 a second surgery was performed on Roske's shoulder. Roske testified that prior to the surgery there had been a dispute regarding whether the carrier would be responsible for paying for the medical treatment. The day after his surgery, however, Roske contacted "the adjuster" about receiving disability payments and was told that "paychecks would start coming in" within a couple weeks. Indeed, employer made voluntary payments to Roske from January 5, 2011 to May 17, 2011, a period of nineteen weeks. In April 2011, Roske was released to return to light-duty work; however, employer had no such work available and Roske was terminated from his employment on June 29, 2011.

On February 7, 2011 and July 26, 2011, Roske filed claims alleging a change in condition and requesting temporary total disability benefits from January 5, 2011 and thereafter. Employer defended on the grounds that the claim was filed beyond the time limitation—which, in this case, was May 25, 2010—as set forth in Code § 65.2-708 for review of a change-in-condition claim. Following a hearing, the deputy commissioner held that the claim was not timely filed.

Roske timely filed a request for review to the full commission. In his request for review, Roske argued that by voluntarily paying disability payments to Roske for the nineteen-week period in 2011, employer waived the time limitation of Code § 65.2-708. He further argued that the voluntary payments constituted a *de facto* award of compensation and reasoned that because the time limitation in Code § 65.2-708 runs from the date compensation was last paid pursuant to an award, his change-in-condition application was timely. The full commission, in a split decision, found that the *de facto* award doctrine was not applicable because Roske was not misled into believing that he would receive compensation prior to the surgery. The commission also concluded that employer had not waived its right to rely on the time limitation in Code § 65.2-708. Roske appeals to this Court.

## II. ANALYSIS

Roske makes the same argument before this Court as he did before the commission: that the voluntary payments constituted compensation pursuant to a *de facto* award and that employer waived its right to assert the time limitation contained in Code § 65.2-708 for filing a change-in-condition claim. Thus, Roske argues that it necessarily follows that an award for temporary total incapacity benefits effective June 30, 2011 should be entered.

> "In reviewing the commission's decision, we are guided by well-settled principles. 'It is fundamental that a finding of fact made by the commission is conclusive and binding upon this court on review.' 'That contrary evidence may be in the record is of no consequence if there is credible evidence to support the commission's findings.'"
>
> "The scope of a judicial review of the fact finding function of a workers' compensation commission[, therefore,] is 'severely limited, partly in deference to the agency's expertise in a specialized field.'"

Southside Va. Training Ctr. v. Ellis, 33 Va. App. 824, 828, 537 S.E.2d 35, 37 (2000) (alteration in original) (quoting Georgia-Pacific Corp. v. Robinson, 32 Va. App. 1, 4-5, 526 S.E.2d 267, 268

(2000)). "However, the commission's legal determinations are not binding on appeal and will be reviewed *de novo*." Wainwright v. Newport News Shipbuilding & Dry Dock Co., 50 Va. App. 421, 430, 650 S.E.2d 566, 571 (2002).

Code § 65.2-708 provides:

> A. Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded . . . . No such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title . . . .

> \* \* \* \* \* \* \*

> C. All wages paid, for a period not exceeding 24 consecutive months, to an employee [who is provided light-duty employment at equal wages,] shall be considered compensation pursuant to an award for compensation . . . .

The parties agree that the last date for which compensation was paid pursuant to an actual award of the commission was May 24, 2006. There is no dispute that, upon his return to work, Roske was provided light-duty work at a wage equal to his pre-injury wage. Pursuant to Code § 65.2-708(C), the statute of limitations began to run on May 24, 2008. Thus, unless employer waived the filing deadline or unless the subsequent voluntary payments constituted a *de facto* award, Roske was required to file his change-in-condition application on or before May 25, 2010.

## A. Waiver

Roske argues that employer waived its right to rely on the time limitation in Code § 65.2-708 by voluntarily making compensation payments after the filing deadline had expired. We disagree.

> Waiver, a doctrine at law, is voluntary action or inaction with intent to surrender a right *in esse* with knowledge of the facts and circumstances which gave birth to the right. . . .

- 4 -

> In waiver, both knowledge of the facts basic to the exercise of the right and the intent to relinquish that right are essential elements. . . .

Employers Ins. Co. v. Great American, 214 Va. 410, 412-13, 200 S.E.2d 560, 562 (1973). Furthermore, "the burden rests on the party relying on a waiver . . . to prove the essentials of such waiver . . . by clear, precise and unequivocal evidence." Utica Mutual v. National Indemnity, 210 Va. 769, 773, 173 S.E.2d 855, 858 (1970).

In support of his argument that employer has waived its right to rely on Code § 65.2-708, Roske relies on Binswanger Glass Co. v. Wallace, 214 Va. 70, 197 S.E.2d 191 (1973). In Binswanger Glass, the employer agreed that the injury was compensable and entered into an agreement with the claimant. Id. at 70, 197 S.E.2d at 192. The commission subsequently entered an award for temporary total work incapacity. Id. at 70-71, 197 S.E.2d at 192. When the claimant returned to work, the award was terminated. Id. at 71, 197 S.E.2d at 192. One year and three days after he was last paid compensation, the claimant again became disabled from the same injury. Id. Code § 65.1-99 (now, Code § 65.2-708) required that an application for an award based on a change in condition be filed within one year of the date for which compensation was last paid pursuant to an award. Despite this time limitation, the employer and the claimant entered into a supplemental agreement for the payment of benefits and the employer resumed payment of compensation. Id. Based on that agreement, the commission entered a supplemental award for benefits. Id. Approximately five months later, the employer filed an application for a hearing with the commission alleging, among other things, that the commission lacked jurisdiction to enter the supplemental award because the application was filed after the one-year time limitation had expired. Id.

In addressing the employer's argument, the Supreme Court held that "the 12-month limitation provided in Code § 65.1-99 is not jurisdictional. It is only a time limitation and as

such can be waived." Id. at 74, 197 S.E.2d at 194. The Supreme Court went on to hold that "[t]he voluntary execution of the supplemental memorandum of agreement by the parties, *and* the voluntary payment of compensation thereunder, constituted such a waiver." Id. (emphasis added).

The supplemental agreement entered into by the parties in Binswanger Glass distinguishes that case from this one. The supplemental memorandum of agreement in Binswanger Glass was "clear, precise and unequivocal evidence" that the employer intended to waive the filing deadline contained in Code § 65.1-99. Utica Mutual, 210 Va. at 773, 173 S.E.2d at 858. Here, however, there was neither a supplemental memorandum of agreement nor any payment of compensation pursuant to such an agreement. The commission made no finding that employer intended to surrender its right to rely on the statute, and the record before us is devoid of evidence of any such intent. Therefore, we conclude that the commission did not err in holding that Roske's application for a change-in-condition award was time barred because employer did not waive its right to rely on Code § 65.2-708.

### B. The *De Facto* Award Doctrine

Roske also argues that the commission erred by failing to hold that employer's voluntary payment of compensation constituted a *de facto* award. Roske reasons that the provisions of Code § 65.2-708(A) would provide him an additional twenty-four months from the date of the last voluntary payment of compensation, here May 17, 2011, in which to file his application for a change-in-condition award. For the reasons discussed below, we conclude that the commission did not err in concluding that the voluntary payments did not constitute a *de facto* award of compensation and, thus, the period for filing the application had not been extended.

If an employer and an injured employee reach an agreement on the payment of compensation, a memorandum of agreement must be filed with the commission. Code

- 6 -

§ 65.2-701. Upon approval of the commission, "the agreement shall be binding, and an award of compensation entered upon such agreement shall be for all purposes enforceable [as an order or award of the commission]." Id. The agreement may be filed by the employer, the employee, or the insurance carrier. Id.

In contrast to an actual award, a *de facto* award is "a legal fiction crafted by the courts, 'a creature of case law not statutory law.'" Lysable Transport, Inc. v. Patton, 57 Va. App. 408, 414, 702 S.E.2d 596, 598 (2010) (quoting Ryan's Family Steak Houses v. Gowan, 32 Va. App. 459, 465, 528 S.E.2d 720, 723 (2000) (Bumgardner, J., concurring)). We first recognized this legal fiction in National Linen Service v. McGuinn, 5 Va. App. 265, 362 S.E.2d 187 (1987).[1] There, the employee was injured in August 1983. Id. at 267, 362 S.E.2d at 188. In November of that year, the employer began paying temporary total disability payments but failed to execute or submit a memorandum of agreement to the commission. Id. In December 1984, the employee was released to light duty, but the employer told him it did not have any such employment available and terminated payment of benefits. Id. When the employee filed an application for continued temporary total benefits, the employer defended against the claim on the ground that the employee had not made a reasonable effort to market his remaining capacity for work. Id. at 267-88, 362 S.E.2d at 188. In affirming the commission's award of benefits, we reasoned that

> an employer cannot be permitted to ignore the mandatory wording
> of the statute [requiring it to file a memorandum of agreement with
> the commission] *to the detriment of its employees* . . . . [I]f [the
> employer] had complied with the statute, [the employee] would
> have been covered by the commission's award. [The employer]
> then would have been obligated to honor the award until it
> established by a preponderance of the evidence a change in
> condition . . . and had been authorized by the commission to
> terminate the payment of benefits to [the employee]. We believe

---

[1] Although we did not use the specific *de facto* language, it is well established that McGuinn is the origin of the *de facto* award doctrine. See Tyco Elecs. & Ins. Co. of Pa. v. VanPelt, 62 Va. App. 160, 174, 743 S.E.2d 293, 301 (2013); Gowan, 32 Va. App. at 463, 528 S.E.2d at 722.

> that because [the employer] paid compensation benefits to [the employee] for thirteen months and failed to file with the commission a memorandum of agreement, it should be held to the same burden. To hold otherwise would be to allow an employer or its carrier to unilaterally violate the clear requirements of [the statute] and thereby frustrate the purpose behind that statute. The Workers' Compensation Act exists to protect employees *not to facilitate a deprivation of an employee's rights by an employer who has not complied with the statutory requirements*.

Id. at 270, 362 S.E.2d at 189-90 (emphasis added) (internal citation omitted).

Therefore, we concluded that the combination of a failure to file a memorandum of agreement as required by law, the payment of compensation for thirteen months, and the failure to contest the compensability of the injury justified the imposition of a *de facto* award of benefits against the employer. Id. at 269-70, 362 S.E.2d at 189.

It is clear from our language in McGuinn that the concept of a *de facto* award is grounded in the well-established principle of estoppel. We recognized as much when we observed that in McGuinn this Court "applied estoppel principles, holding that employee's reasonable reliance on employer's actions created an enforceable *de facto* award of benefits." United Parcel Service, Inc. v. Ilg, 54 Va. App. 366, 376, 679 S.E.2d 545, 550 (2009). "Estoppel by conduct, whereby a party will not be heard to deny that which he has induced others to rely upon as true, extends without limit throughout the law." Emrich v. Emrich, 9 Va. App. 288, 293-94, 387 S.E.2d 274, 276 (1989) (citing Harris v. City of Roanoke, 179 Va. 1, 5, 18 S.E.2d 303, 305 (1943)).

However, in order for there to be any estoppel, there must be detrimental reliance by the party claiming estoppel. In other words, "'the party sought to be estopped must have caused the other party to occupy a more disadvantageous position than that which he would have occupied except for that conduct.'" Ford Motor Co. v. Switzer, 140 Va. 383, 395-96, 125 S.E. 209, 213 (1924) (quoting Atlantic Coast Line v. Bryan, 109 Va. 523, 526, 65 S.E. 30, 31 (1909)).

We recognized this requirement in <u>Bowden v. Newport News Shipbuilding</u>, 11 Va. App. 683, 686, 401 S.E.2d 884, 885 (1991), when, in explaining our holding in <u>McGuinn</u>, we said, "This Court held that the employer's default misled the employee to his prejudice." Then, in <u>Gowan</u>, we affirmed the existence of a *de facto* award, thereby imposing on the employer the burden of establishing a basis for terminating the payment of compensation. 32 Va. App. at 464-65, 528 S.E.2d at 723. Had the commission held that the payments were not made pursuant to a *de facto* award, the claimant would have borne the burden of establishing her entitlement to continued compensation. <u>See</u> id. at 464, 528 S.E.2d at 723. Finally, in <u>Strong v. Old Dominion Power Co.</u>, 35 Va. App. 119, 128, 534 S.E.2d 598, 602 (2001),[2] "[w]e decline[d] to apply the [*de facto* award] doctrine to a case lacking misrepresentation or reasonable reliance."

As we have noted in requiring an actual agreement or stipulation regarding compensability, "statutory amendments [subsequent to <u>McGuinn</u>] have undercut the very reason for the *de facto* doctrine, [and thus] we have been careful not to extend the judge-made concept beyond its original parameters." <u>Lysable Transp.</u>, 57 Va. App. at 415, 702 S.E.2d at 599. Those same considerations restrain us from extending the doctrine to apply where an employee has

---

[2] We recognize that we also discussed the application of the *de facto* award doctrine in <u>Henrico Public Utilities v. Taylor</u>, 34 Va. App. 233, 540 S.E.2d 501 (2001). In that case, "[t]he employer defended the claim [for change-in-conditions benefits] on the ground that [the claimant] was barred from claiming additional benefits by the two-year statute of limitations established by Code § 65.2-708." <u>Id.</u> at 237, 540 S.E.2d at 503. The deputy commissioner found that a *de facto* award existed and that the claim was timely because it was filed within two years of the last payment pursuant to the *de facto* award. <u>Id.</u> On review, "[t]he [full commission] opinion concluded . . . that [it] did not need to address whether the finding of the *de facto* award prevented the County from asserting a statute of limitations defense 'because the May 14, 1997, Claim was filed within two years of [the] date compensation was last paid under the most recent, de jure, award.'" <u>Id.</u> at 237, 540 S.E.2d at 504. We expressly declined to decide whether the statute of limitations ran from the last date of payment under a *de facto* award "because the commission did not so hold." <u>Id.</u> at 245, 540 S.E.2d at 508. Because the commission based its decision on the existence of a *de jure* award, any discussion of a *de facto* award in <u>Taylor</u> addressed an issue the commission did not rule upon. Thus, <u>Taylor</u>'s discussion of the *de facto* award is *dicta*. <u>See</u> <u>Simon v. Commonwealth</u>, 58 Va. App. 194, 201, 708 S.E.2d 245, 248-49 (2011) (explaining that *dicta* is language in an opinion that does not address the issue presented, is unnecessary to the disposition of the case, and therefore is not binding authority).

neither suffered prejudice nor been placed in a more disadvantageous position as a result of the absence of an actual award.

Here, the deadline for filing an application of a change-in-condition award expired approximately seven months prior to Roske's surgery. Further, there is no evidence that employer promised Roske any benefits prior to his surgery. In fact, as the commission noted, Roske did not contact employer regarding disability benefits until after his surgery. Simply put, there is no evidence to establish that Roske suffered any prejudice as a result of his employer's actions. Although the record is unclear as to why employer made voluntary disability payments to Roske after the time limitation of Code § 65.2-708 had run, "[m]aking voluntary payments, by itself, falls far short of satisfying the preconditions of the *de facto* award doctrine." Id. To hold otherwise would be to create a windfall for claimants like Roske who, by being voluntarily paid disability payments, are no worse off than if the payments had not been made. Thus, the commission properly held that the voluntary payments made by employer did not constitute a *de facto* award.

Moreover, because employer did not waive its right to rely on Code § 65.2-708, and because there was no *de facto* award that would extend the filing deadline set out in Code § 65.2-708, the commission did not err in concluding that the application for a change-in-condition award was not timely filed.

### III. CONCLUSION

For the foregoing reasons, we affirm the Workers' Compensation Commission's decision.

Affirmed.